King Varick Corporation, Plaintiff, *v.* Percy H. Omin et al., Copartners Doing Business under the Name of Colorpress, Defendants.

First Department, March 30, 1954.

*Barnett Dornbush* of counsel (*Weisman, Celler, Allan, Spett & Sheinberg*, attorneys), for plaintiff.

*Henry A. Friedman* for defendants.

CALLAHAN, J.  Plaintiff is the landlord, and defendants are the tenants of a loft at 200 Varick Street, New York City.  The premises are controlled by the Commercial Rent Law (L. 1945, ch. 3, as amd.).

On October 22, 1941, the defendants' predecessors leased the loft until April 30, 1947, at an annual rent of $8,000, payable $666.67 a month.  Defendants, who are copartners, assumed performance of this lease from April 1, 1945, and have been in possession since.

After the expiration of the lease and commencing May 1, 1947, defendants became statutory tenants and paid a 15% increase making the rent $766.67.

By chapter 451 of the Laws of 1953 (eff. April 2, 1953) the Commercial Rent Law (§ 2, subd. [e]) was amended with respect to the definition of emergency rent as follows: " ' Emergency rent.'  The rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent, *except with respect to a tenant who, since January first, nineteen hundred forty-seven, has paid such emergency rent without an increase pursuant to any of the provisions of this act, and in any such case such emergency rent, plus fifteen per centum* ".  [Matter italicized indicates the amendment.]

After the enactment of the amendment, the plaintiff demanded rent of $881.67 a month. Defendants refused, insisting that their rent remained at $766.67. Thereupon, the parties agreed to this submission.

The question is whether defendants come within the exception found in the amended statute.

The defendants' contention is essentially based on their construction of the phrase " since January first ". In substance, they argue that " since " as used in the statute means " commencing with," and that inasmuch as they did not commence to pay the emergency rent plus 15% until May, 1947, they do not come within the exception found in the law.

The defendants further argue that the statute shows a clear legislative intent to permit only one increase after January 1, 1947, and that the defendants paid such increase to the landlord beginning with May 1, 1947.

It would seem that the defendant's construction of the statute is in error. The word " since " is more reasonably construed as meaning " after " January 1, 1947. Under such construction the defendants would clearly come within the statute.

The amendment effected by chapter 451 was recommended to the Legislature by the New York State Temporary Commission to Study Rents and Rental Conditions in a report dated March 5, 1953. A reading of that report shows that the intention was to require a second 15% increase to be paid by those emergency tenants who since January 1, 1947, had paid no rent increase voluntarily or under legal compulsion beyond the 15% increase involved in fixing the original emergency rent. Defendants are included in that category. They had paid the lease rental until May 1, 1947, and thereafter paid an amount only 15% more than the rent paid on March 1, 1943. Thus they would seem to be required to meet a second increase of 15%.

The defendants' argument to the contrary seems farfetched and strained. It is reducible to the contention that if they had paid $766.67 on January 1, 1947, and thereafter, then the plaintiff would be entitled to an increase, but since the defendants paid less than $766.67 for the four months beginning January 1, 1947, that they are exempt from the provisions of the amendment. The fact that the defendants had the protection of the lease rental for the first four months of 1947 would not seem to provide them with any legal or equitable basis for exemption from the amendment of the statute aforesaid.

Judgment should be directed for plaintiff that the rent payable by defendants on May 1, 1953, is $881.67.

DORE, J. P., COHN, BREITEL and BOTEIN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff that the rent payable by defendants on May 1, 1953, is $881.67. Settle order on notice.